SLR:KAN:BDM:MH
F#: 2012V02821

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                       Plaintiff,

      - against -

APPROXIMATELY SIXTY-EIGHT THOUSAND
SEVEN HUNDRED AND EIGHTY DOLLARS
AND NO CENTS ($68,780.00) IN UNITED
STATES CURRENCY SEIZED FROM JP
MORGAN CHASE BANK SAFE DEPOSIT BOX
#5 LOCATED AT 2306 NORTH OCEAN
AVENUE, FARMINGVILLE, NEW YORK, ON
OR ABOUT JULY 9, 2012, AND ALL
PROCEEDS TRACEABLE THERETO, and

APPROXIMATELY FORTY-FOUR THOUSAND
DOLLARS AND NO CENTS ($44,000.00) IN
UNITED STATES CURRENCY SEIZED FROM
JP MORGAN CHASE BANK SAFE DEPOSIT
BOX #84 LOCATED AT 2430 NORTH OCEAN
AVENUE, FARMINGVILLE, NEW YORK, ON
OR ABOUT JULY 9, 2012, AND ALL
PROCEEDS TRACEABLE THERETO,

                    Defendants in rem.

-------------------------------------------------------------------X

ORIGINAL

CV - 13 0752
WEXLER, J

**VERIFIED COMPLAINT**
**IN REM**

Civil Action No.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★  FEB 08 2013  ★

LONG ISLAND OFFICE

## INTRODUCTION

     Plaintiff, United States of America, by its attorney, LORETTA E. LYNCH,

United States Attorney for the Eastern District of New York, Melanie D. Hendry, Assistant

United States Attorney, of counsel, alleges the following upon information and belief:

## PRELIMINARY STATEMENT

1.      This is a civil action in rem to forfeit and condemn to the use of the United States the above-captioned defendant currency, and all proceeds traceable thereto (collectively, the "Defendant Funds"), pursuant to 21 U.S.C. § 881, as moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange and/or moneys used or intended to be used to facilitate a violation of the Controlled Substances Act, to wit, 21 U.S.C. §§ 841 et seq.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3.      Venue lies in the Eastern District of New York pursuant to 28 U.S.C. §§ 1355 and 1395, in that the acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York, and the Defendant Funds are found in the Eastern District of New York.

## THE DEFENDANTS IN REM

4.      The Defendant Funds consist of:  (a) approximately sixty-eight thousand seven hundred and eighty dollars and no cents ($68,780.00) in United States currency seized on or about July 9, 2012, from safe deposit box #5, held in the name of Sandra Russell ("Russell") at JP Morgan Chase Bank located at 2306 North Ocean Avenue, Farmingville, New York; and (b) approximately forty-four thousand dollars and no cents ($44,000.00) in United States currency seized on or about July 9, 2012, from safe deposit box #84, held in the name of Russell at JP Morgan Chase Bank located at 2430 North Ocean Avenue, Farmingville, New York (collectively, the "Safe Deposit Boxes").

2

## STATUTORY BACKGROUND

5.     The Controlled Substances Act, 21 U.S.C. § 801 et seq., prohibits possession and sale of heroin, a Schedule I controlled substance, and crack cocaine, a Schedule II controlled substance.

6.     Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate a violation of the Controlled Substances Act, to wit, 21 U.S.C. §§ 841 et seq., are subject to forfeiture to the United States.

## FACTS

7.     Beginning in or about 2012, officers with the Suffolk County District Attorney's Office Heroin Task Force ("SCDA") commenced an investigation into a narcotics trafficking organization located in Suffolk County, New York.  The investigation included, among other things, the use of surveillance, Global Positioning System ("GPS") and cell site information, and law enforcement database records.  Based on their investigation, SCDA officers determined that Russell and David Holmes ("Holmes") were integral to the narcotics trafficking organization.

8.     The investigation also revealed that the following individuals were drug associates of either Russell or Holmes: Allen Balchi ("Balchi"), Jahiteak Appling ("Appling") and Frank Gabriel ("Gabriel").  This was based, in part, on intercepted wire communications.  For example, during the period between June 15, 2012 and July 3, 2012, SCDA officers intercepted a number of wire communications between these drug associates and either Russell or Holmes.  In these calls, as set forth below, SCDA officers determined that Russell and Holmes arranged for either the acquisition or the distribution of narcotics, namely heroin.

3

    a.     On June 15, 2012, SCDA intercepted a telephone call between Holmes and Balchi. During that call, Balchi arranged to purchase a quantity of heroin from Holmes.

    b.     On June 16, 2012, SCDA intercepted a telephone call between Russell and Appling. During that call, Russell advised Appling that Russell had a quantity of heroin for sale. Further, Russell informed Appling that the heroin was stored in a container of rice located at Russell's residence.

    c.     On June 22, 2012, SCDA intercepted a telephone call between Russell and Appling. Appling advised Russell that Appling's spouse would assist Russell in packaging the heroin for distribution. Further, during this call, Russell advised Appling to contact Holmes for the purpose of arranging a delivery of the heroin to Appling's spouse. Based on subsequently intercepted communications, on June 23, 2012, Appling did contact Holmes and directed Holmes to bring heroin to Appling's spouse for the purpose of packaging the narcotics for distribution.[1] Thereafter, on June 24, 2012, once the narcotics were packaged and Holmes retrieved the heroin from Appling, Holmes advised twenty-two of his drug associates via text messages that he "got more shit," namely, a new supply of heroin.

    d.     On June 26, 2012, SCDA intercepted a telephone call between Holmes and Gabriel. SCDA officers then observed Gabriel purchase drugs from Holmes and subsequently re-sell those drugs to an individual in a vehicle. Shortly thereafter, law enforcement officers conducted a traffic stop of the vehicle and retrieved seventeen glassine envelopes of heroin.

---

[1] Global Positioning System ("GPS") and cell site information obtained by SCDA officers revealed that on June 23, 2012, after Holmes' conversation with Appling, Holmes' telephone was tracked to the vicinity of Appling's residence.

4

9.      Further, based on surveillance and intercepted telephone calls, SCDA officers determined that illegal drugs, namely heroin and crack cocaine, were stored in at least two locations that Russell occupied, namely 11 Gettysburg Court in Coram, New York ("Gettysburg Court") and 1974 Route 112 in Coram, New York ("Route 112").

10.     Additionally, during the investigation, SCDA officers observed Russell entering a JP Morgan Chase Bank branch on North Ocean Avenue in Farmingville, New York.

11.     Based on investigative experience, surveillance and information obtained from JP Morgan Chase Bank, SCDA officers determined that Russell stored the proceeds from the sale of drugs in the Safe Deposit Boxes.

12.     On or about July 6, 2012, based upon information obtained by SCDA officers during the course of their investigation, Suffolk County Court issued a search warrant for, *inter alia*, Gettysburg Court, Route 112, and the Safe Deposit Boxes.

13.     On or about July 6, 2012, pursuant to the search warrant, SCDA officers conducted a search of Gettysburg Court. During the course of the search, SCDA officers seized, *inter alia*, 246 bags of heroin and a half of gram of crack cocaine.

14.     On or about July 9, 2012, pursuant to the search warrant, SCDA officers conducted a search of Route 112. During the course of the search, SCDA officers recovered, *inter alia*, approximately 140 bags of heroin.

15.     On or about July 9, 2012, pursuant to the search warrant, SCDA officers searched the Safe Deposit Boxes and seized the Defendant Funds. The Defendant Funds consist of roughly 468 $100 bills, 269 $50 bills, 2442 $20 bills, 272 $10 bills, 194 $5 bills, and 194 $1 bills. Substantial amounts of currency in $5, $10, and $20 denominations is consistent with narcotics trafficking.

16.     On or about July 6, 2012, Russell was arrested by SCDA officers and charged with conspiracy to distribute narcotics with the intent to sell, a second degree class B felony, a violation of New York State Penal Law § 105.15. At the time of her arrest, Russell informed law enforcement officers that she is currently unemployed and has been unemployed for the past several months.

17.     On or about July 30, 2012, a turnover order was entered by the Honorable Joseph A. Santorelli, Justice of the Supreme Court of the State of New York, Suffolk County, authorizing the turnover of Defendant Funds to the United States Drug Enforcement Administration for commencement of federal forfeiture proceedings.

## CLAIM FOR RELIEF

18.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 as if set forth fully herein.

19.     The Defendant Funds constitute or are derived from moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate a violation of the Controlled Substances Act, to wit, 21 U.S.C. §§ 841 et seq.

20.     As a result of the foregoing, the Defendant Funds are liable to condemnation and forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff, United States of America, requests that a warrant of this Court issue for the arrest of the Defendant Funds; that notice of these proceedings be given to all interested persons; that after further proceedings the Defendant Funds be forfeited and condemned to the use of the United States of America; that plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems just and proper.

Dated: Central Islip, New York
      February 8, 2013

                    LORETTA E. LYNCH
                    United States Attorney
                    Attorney for Plaintiff
                    Eastern District Of New York
                    610 Federal Plaza, 5th Floor
                    Central Islip, New York 11722

BY:    */s/ Melanie D. Hendry*
            Melanie D. Hendry
            Assistant United States Attorney
            (718) 254-6040

## VERIFICATION

Donald Reilly hereby declares as follows:

    1.     I am a Task Force Officer assigned to the Drug Enforcement Administration, duly appointed according to law and acting as such.

    2.     I have read the within verified complaint in rem.

    3.     The matters contained in the within verified complaint in rem are true and accurate to the best of my knowledge, information and belief.

    4.     The source of my information and the grounds for my belief are information provided by other law enforcement officers and the official files and records of the Suffolk County Sheriff's Department and the United States of America.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Central Islip, New York
       February 8, 2013

                                  Donald Reilly
                                  Task Force Officer
                                  Drug Enforcement Administration